UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IEASHA M. THORNTON <br> 1052 Olmstead Avenue <br> Columbus, OH  43201 <br><br> J.T., A MINOR CHILD, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, MS. IEASHA M. THORNTON <br> 1052 Olmstead Avenue <br> Columbus, OH  43201 <br><br>       Plaintiffs, <br><br> -vs- <br><br> INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. <br> C/O Registered Agent <br> CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH  43219 <br><br> PIKE'S INC., HOLIDAY INN COLUMBUS - HILLARD <br> C/O Parbhubhai N. Patel <br> 3950 Lyman Drive <br> Hilliard, OH  43026 <br><br>       Defendants | Case No. <br><br> Judge: <br><br><br> **COMPLAINT FOR** <br> **MONEY DAMAGES** <br> **AND OTHER RELIEF** <br><br> **JURY DEMAND** <br> **ENDORSED HEREIN** |

      Now come Plaintiffs **Ms. Ieasha M. Thornton** and **J.T., a minor child, by and through his parent and natural guardian, Ms. Ieasha M. Thornton**  (hereinafter "Thorntons" or "Plaintiffs"), by and through undersigned counsel, and state the following as their Complaint for unlawful discrimination in violation of 42 U.S.C. § 1981, unlawful public accommodation discrimination in violation of Ohio Revised Code § 4112.02(G), and for breach of contract.

## INTRODUCTION

1. Plaintiffs Ieasha M. Thornton and J.T. are African-American, and residents of Columbus, Ohio.  Ms. Thornton and J.T. bring this action to seek redress for injuries they suffered because of Defendants' racially discriminatory denial of public accommodations and the right to contract.

2. Defendants offer public accommodations at a hotel in Columbus, Ohio known as Holiday Inn Columbus - Hilliard.  On or about March 28, 2015, Defendants denied Ms. Thornton and J.T. the use and enjoyment of the benefits, privileges, terms, and conditions they extend to all other similarly situated guests and invitees.  Defendants breached their contract with Ms. Thornton, and discriminated against the Plaintiffs in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Ohio Revised Code § 4112.02(G).

## JURISDICTION AND VENUE

3. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(4).

4. This Court enjoys supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367, as they arise out of the same case or controversy as the First Count.

5. Venue is proper in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to these claims occurred in the District.

## THE PARTIES

6. Plaintiff Ieasha M. Thornton is a twenty-six year old African-American woman who resides in Columbus, Ohio with her minor son.

7. Plaintiff J.T. is a ten year old African-American boy who resides in Columbus, Ohio with his mother.

8. Defendant **InterContinental Hotels Group Resources, Inc.** (hereinafter "IHG" or "Defendant") is a corporation organized under the laws of the State of Delaware.  The primary purpose of Defendant IHG is to own, operate, manage, and franchise hotels that offer accommodations to the public.

9. Defendant **Pikes Inc.** (hereinafter "Pikes" or Defendant") is an Ohio corporation.  Upon information and belief, Defendant Pikes owns, operates, manages, and does business as Holiday Inn Columbus - Hilliard at 5495 Maxwell Place, Columbus, Ohio 43228, a hotel that offers accommodations to the public.  Pikes is a franchisee of International Hotels Group Resources, Inc.

10. In connection with these Plaintiffs and the circumstances described herein, Defendant Pikes acted as the actual or apparent agent of Defendant IHG.  Plaintiff Ms. Thornton believed and understood she was doing business with the owner of the brand name "Holiday Inn," who is Defendant IHG.  Defendant IHG also publicly advertises, "At IHG®, our purpose is to create Great Hotels Guests Love® by providing True Hospitality for everyone."  Hereinafter, Defendants IHG and Pikes are collectively referred to as "Defendants."

## STATEMENT OF FACTS

11. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further allege the following matters.

12. In or around March 2015, Ms. Thornton telephoned Defendants' hotel at 5495 Maxwell Place, Columbus, Ohio 43228 to inquire as to a room reservation.  At that time, Ms. Thornton also inquired as to the hotel's indoor pool, as her minor son J.T. was having a birthday, and she planned to use the pool for him and seven (7) of his friends to swim, and to have cake and ice cream.

3

13. The hotel clerk, Defendants' agent, gave assurances the pool was available, and that the hotel was happy to accommodate such an occasion.

14. The hotel clerk, on behalf of Defendants, offered to enter into a contract with Ms. Thornton for the use of a room for one night upon payment of the room rate and applicable taxes.

15. On or about March 28, 2015, Ms. Thornton and her son checked into Defendants' hotel, paying the nightly room rate and tax with her credit card.  Upon check-in, Ms. Thornton again informed the clerk of her plans for the eight (8) minor boys and the hotel's indoor pool.  The clerk, on behalf of Defendants, reconfirmed the pool's availability, and subsequently directed each of Ms. Thornton's guests to the pool upon their arrival.

16. Shortly thereafter, Ms. Susan Pardue, the hotel's Director of Sales, on behalf of Defendants, stormed into the pool area and commanded Ms. Thornton and her group to leave.  The clerk, on behalf of Defendants, claimed to have misquoted hotel policy.

17. Ms. Thornton never would have entered into a contract for the use of a room, nor paid for the hotel room, had she been informed of a policy prohibiting her son's birthday pool party.

18. Ms. Susan Pardue then evicted Ms. Thornton and her son J.T., not only from the pool, but from the hotel entirely.

19. When Ms. Thornton asked about her rented room, she was informed that Mr. Joey Messer, the hotel's General Manager, on behalf of Defendants, had refused a refund.

20. Frustrated upon realizing her plans for her son's birthday were ruined, Ms. Thornton and her group began packing to leave the property.  At that time, a comparable size group of white children were seen entering the pool area, without objection, within plain view of the hotel management.

21. On or about March 30, 2015, Ms. Thornton telephoned the Defendants' central number (*800-719-5540*).  Ms. Thornton was informed that her party should have been accommodated, and she was given a case number (*850-081-052*).

22. Shortly thereafter, Ms. Thornton received a call from an irate Joey Messer, the hotel's General Manager, on behalf of Defendants, who chided Ms. Thornton for reporting the incident to the Defendants' corporate office.

23. During that call, Mr. Messer incorrectly alleged that "*twenty-five kids*" were in the pool, and "*the whole pool was full*."  However, a photo taken the day of the event reveals, at all times relevant, there were never more than ten (10) people in the pool, not even all of who were with Ms. Thornton's group.  A true and correct copy of the March 28, 2015 photo is attached hereto marked **Exhibit 1**.

24. During that call, Mr. Messer stated, "*. . . can't you read the signs that are in the pool?..*"  Mr. Messer further stated, "*I'm going to 'blacklist' you from the hotel, just so you know...*"

25. Defendants treated the Plaintiffs differently in a place of public accommodation because of race and/or on the basis of their association with other African-American guests.  Defendants denied Ms. Thornton and J.T. the use and enjoyment of the benefits, privileges, terms, and conditions that Defendants extend to other similarly situated guests and invitees.  Defendants made up false and pretextual reasons for their treatment of the Plaintiffs and their invitees because of race and/or on the basis of their association with other African-American guests.

26. Defendants breached their contract with Ms. Thornton.  Defendants imposed terms and conditions on the Plaintiffs' contract that are not imposed on the contracts of other similarly situated hotel guests.  Defendants denied Ms. Thornton and J.T. the use and enjoyment, accommodations, privileges, and benefits that Defendants grant to other similarly situated hotel guests.

27. As a result of Defendants' unlawful actions as described herein, the Plaintiffs have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to, economic loss, humiliation, embarrassment, emotional distress, strain on relationships, and unlawful deprivation of their federally protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for race and/or color.

## COUNT ONE
## UNLAWFUL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

28. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further allege the following matters.

29. By discriminating against the Plaintiffs on the basis of their race, and on the basis of their association with other African-American guests in the manner set forth, Defendants have denied the Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and as was, enjoyed by white citizens, in violation of the Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT TWO
## UNLAWFUL PUBLIC ACCOMMODATION DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(G)

30. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further allege the following matters.

31. By denying the Plaintiffs the full and equal enjoyment of the services of a place of public accommodation on the basis of their race, and on the basis of their association with other African-American guests in the manner set forth, Defendants have violated Ohio Revised Code § 4112.02(G).

## COUNT THREE
## BREACH OF CONTRACT

32. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further allege the following matters.

33. Defendants breached their contract with Ms. Thornton.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Ms. Ieasha M. Thornton and J.T., respectfully pray that the Court grant the following relief:

A. Enter a declaratory judgment finding that the foregoing actions by Defendants violate the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Ohio Revised Code § 4112.02(G);

B. Enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury to fully compensate the Plaintiffs for economic loss, humiliation, embarrassment, and emotional distress;

C. Enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for punitive damages in an amount to be determined by a jury to punish Defendants for their willful, wanton, and reckless conduct as alleged herein, to effectively deter similar future conduct;

D. Enter a judgment for the Plaintiffs' reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981 and Ohio Revised Code § 4112.02(G);

E. Such other and further relief as this Court finds just and equitable.

Respectfully Submitted,

 /s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
(614) 668-8442
(614) 675-2210  fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiffs*
Ms. Ieasha M. Thornton

-AND-

J.T., a minor child, by and through his parent and natural guardian, Ms. Ieasha M. Thornton

**JURY TRIAL**

The Plaintiffs, through counsel, hereby request a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Counsel for Plaintiffs*
Ms. Ieasha M. Thornton

-AND-

J.T., a minor child, by and through his parent and natural guardian, Ms. Ieasha M. Thornton

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 19'th day of June, 2017 addressed to the following:

INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.
C/O Registered Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH  43219

PIKE'S INC., HOLIDAY INN COLUMBUS
C/O Parbhubhai N. Patel
3950 Lyman Drive
Hilliard, OH  43026


By:  /s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Counsel for Plaintiffs*
Ms. Ieasha M. Thornton

-AND-

J.T., a minor child, by and through his parent and natural guardian, Ms. Ieasha M. Thornton

10